In re NATHAN.

United States District Court
S. D. New York.
July 14, 1953.

Weisman, Allan, Spett & Sheinberg, New York City, for petitioner. Sydney B. Wertheimer, New York City, of counsel.

Edw. J. Shaughnessy, District Director New York District, New York City, by Monroe Kroll, Naturalization Examiner, New York City, for Immigration Service.

DIMOCK, District Judge.

The Immigration Service has recommended denial of this petition for naturalization on the ground that petitioner was absent from the United States from September 7, 1950 to December 4, 1951, or almost three months more than the one year period during which he could have absented himself without jeopardizing his qualifications for naturalization.

It is petitioner's position that during this period of absence he was "employed by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States" within the meaning of section 307(b) of the Nationality Act of 1940, 8 U.S.C. § 707(b), and that therefore he did not break his continuity of residence for purposes of naturalization.

The facts are that during the period of his absence he was self-employed in an export business which he conducted under the registered trade name of Amal Export & Import Company. He had no associates or employees. The question is thus the simple one whether under those circumstances he can be said to have been "employed by an American firm".

The statute, 8 U.S.C. § 707(b), provides that absence from the United States for a continuous period of one year or more during the period for which continuous residence is required shall break the continuity of such residence:

"* * * except that in the case of an alien who has resided in the United States for at least one year, during which period he has made a declaration of intention to become a citizen of the United States, and who thereafter is employed by or under contract with the Government of the United States or an American institution of research recognized as such by the Attorney General, or is employed by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States or a subsidiary thereof, no period of absence from the United States shall break the continuity of residence * * *."

It is noteworthy that Congress did not extend the benefit of the exception to an individual who is abroad on his own business in his own name. Something more is required. If the individual should form a corporation of which he was the sole stockholder and enter into a contract by which the corporation employed him, there would seem to be no escape from the conclusion that he had qualified himself to receive the benefits of the exception. Petitioner says that, if this favorable result can be reached by incorporating oneself, there is no reason in justice why he cannot reach the same result by registering a trade name in the United States and thus making himself into an "American firm".

The difficulty is that the words "employed by an American firm" cannot be made to include self-employment. I have grave doubts whether anything but a partnership could be said to be a firm but, be that as it may, the words of the statute can be satisfied by nothing less than employment by an entity separate from the employee.

The language is so plain that, even if there is an injustice in withholding the advantages of the exception from an alien who registers a trade name and granting them to an alien who incorporates himself, their benefit cannot be given to the trade name owner. It may well be, however, that Congress wished to withhold the benefit of the exception in general from those who went abroad voluntarily and to bestow it upon those who went abroad as directed by their employers. It is true that this intention might be thwarted by the alien's incorporating himself but the fact that the intention might be thwarted by this one device does not prove that the intention

did not exist. The imputation of this intention to Congress is supported by the fact that Congress, in another part of the act, used different language which indicates that the choice of the words "employed by" was deliberate and meaningful. This appears where, in providing for loss of citizenship by expatriation of a naturalized citizen, exception is made of one who goes abroad "to represent" an American "organization" of one of the types therein described and there is no requirement that he be "employed by" such organization. Nationality Act of 1940, § 406(b), 8 U.S. C.A. § 806(b). For all that appears, the owner of the organization himself could get the benefit of this protection against expatriation and this is understandable because the legislature would naturally be more tender with those who have become citizens than with those who are seeking to become citizens.

The petition is denied.